IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NETTIE HUGHES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:15-CV-0806-M |
| | § | |
| KROGER TEXAS L.P., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Second Amended Motion for Summary [Docket Entry #38], filed by Defendant Kroger Texas L.P. ("Kroger"). For the reasons stated, the Motion is GRANTED.

### I. Background

This is a premises liability case arising out of injuries Plaintiff Nettie Hughes allegedly sustained when she tripped and fell in a grocery store parking lot. According to Plaintiff, her husband, Wesley Childs, drove her to Kroger Store No. 492 in Balch Springs, Texas on or about June 8, 2012. Childs parked the car, and Plaintiff got out. As she walked through the parking lot toward the store entrance, Plaintiff asserts she was distracted by another car and did not notice a raised patch of concrete in her path. Plaintiff tripped over the concrete patch and fell to the ground. She claims she suffered serious injuries as a result of the fall.

Plaintiff filed suit against Kroger in state court on May 30, 2014. Kroger removed the case to federal court on the basis of diversity jurisdiction. Plaintiff filed an amended complaint asserting claims for premises liability, negligence per se, and violations of the Americans with Disabilities Act. Kroger filed a motion and an amended motion for summary judgment as to all of Plaintiff's claims. On November 20, 2015, the Court heard oral argument on Kroger's

motions and granted summary judgment in Kroger's favor on all of Plaintiff's claims except her premises liability claim. The Court permitted Kroger to file a second motion for summary judgment as to Plaintiff's premises liability claim, and Kroger did so on December 18, 2015. The issues have been fully briefed, and the matter is ripe for determination.

II. Legal Standards

Summary judgment is warranted when the movant shows that there is no genuine dispute of material fact as reflected in the pleadings, affidavits, and other summary judgment evidence, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990); *McGee v. Arkel Int'l, LLC*, 671 F.3d 539, 542 (5th Cir. 2012). The moving party bears the initial burden of demonstrating the absence of evidence supporting the nonmovant's claims. *Babcock v. Hartmarx Corp.*, 182 F.3d 336, 338 (5th Cir. 1999) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the moving party satisfies its initial burden, the burden shifts to the nonmovant to prove that summary judgment is not appropriate. *Tobin v. AMR Corp.*, 637 F. Supp. 2d 406, 411 (N.D. Tex. 2009) (Lynn, J.) (citing *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991)).

The nonmovant must go beyond the pleadings and identify specific facts that prove the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether a genuine issue of material fact exists, all factual disputes will be interpreted in the light most favorable to the nonmovant, provided that both parties have introduced evidence showing that a dispute exists. *Lynch Props., Inc. v. Potomac Ins. Co.,* 140 F.3d 622, 625 (5th Cir. 1998). A district court properly grants summary judgment if, when viewing all facts in the light most favorable to the nonmovant, it determines

that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### III. Analysis

Kroger moves for summary judgment on Plaintiff's premises liability claim on two grounds: (1) it owed Plaintiff no duties with respect to the concrete patch in the parking lot, because the patch was an "open-and-obvious" condition; and (2) Plaintiff has no evidence that the concrete patch created an unreasonable risk of harm. Under Texas law, "a property owner owes invitees a duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition about which the property owner knew or should have known." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). However, the owner is not an insurer of a patron's safety. *Wal–Mart v. Reece,* 81 S.W.3d 812, 814 (Tex. 2002). To prevail on her premises liability claim, Plaintiff must show: (1) a condition of the premises created an unreasonable risk of harm; (2) the owner, Kroger, knew or reasonably should have known of the condition; (3) Kroger failed to exercise ordinary care to protect Plaintiff from danger; and (4) Kroger's failure was a proximate cause of injury to Plaintiff. *See Del Lago Partners*, 307 S.W.3d at 776 (citing *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992)); *see also Corbin v. Safeway Stores, Inc*., 648 S.W.2d 292, 296 (Tex. 1983).

### A.

The Texas Supreme Court recently affirmed that a landowner owes no duty to warn of open and obvious dangers, or dangers the invitee knew about, on its premises. *Austin v. Kroger Texas, LP,* 2015 WL 3641066 (Tex. June 12, 2015). Rather, landowners in Texas owe their invitees the "duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not." *Id.*

In other words, to impose a duty on a landowner, a plaintiff must prove: (1) there is an unreasonably dangerous condition on the premises; (2) the landowner knew, or should have known, about the dangerous condition; (3) the condition is concealed (*i.e.*, not "open and obvious"); and (4) the plaintiff was not aware of the danger. *Id.* The existence of a duty is typically a question of law for the Court to decide. *Austin v. Kroger Tex., L.P.*, 746 F.3d 191, 198 (5th Cir. 2013).

Kroger contends the concrete patch was an open and obvious condition, and, therefore, Kroger is entitled to summary judgment because it owed Plaintiff no duty with respect to the patch. In support of its argument, Kroger points to Plaintiff's own deposition testimony that she did not have any trouble seeing the concrete patch immediately after she got up from her fall or several weeks later, when she returned to the store to take photographs. Def. MSJ App. at 42, 46. Kroger further points to Childs's deposition testimony that the concrete patch is "easy to see." *Id.* at 57. Kroger also submits six color photographs of the concrete patch. *Id.* at 67-72. The pictures show the patch, which is a different shade and composition of concrete than the rest of the parking lot, is located in the middle of a lined parking space and is not hidden or obscured by landscaping, a curb, or any other object. *See id.*

In an attempt to avoid summary judgment, Plaintiff points to her own testimony describing the concrete patch as the same color as the other concrete in the parking lot. She also states that she never saw the patch prior to the day of her fall, even though she had shopped at the store several times. Pl. MSJ Resp. App. at 2. Plaintiff testified that she did not notice the patch because her attention was distracted by a moving car. *Id.* Plaintiff further argues that Defendant's photographs of the patch are not probative of the open and obvious issue because they do not show the patch from the perspective of a reasonable person in Plaintiff's position at

the time the accident occurred. In her summary judgment response, Plaintiff asserts that the accident happened "at dusk or near dark." Pl. Resp. App. at 2. Plaintiff also submits her own color photograph of the patch, which she contends was taken in "approximately the same lighting conditions as existed at the time when [she] tripped." *Id.* at 3, 5. Kroger objects to Plaintiff's statement on grounds that it contradicts her previous deposition testimony that she took the photograph in the "morning time." Def. Reply App. at 1-2. If a party's own affidavit contradicts that party's earlier testimony, the affidavit must explain the reason for the change. *Farroux v. Denny's Rests.*, Inc., 962 S.W.2d 108, 111 (Tex. App. --Houston [1st Dist.] 1997, no pet.). Without an explanation, it is assumed that the sole purpose of the affidavit was to avoid summary judgment, and as such, the affidavit merely presents a "sham" issue. *Id.* A sham issue will not defeat a motion for summary judgment. *Cantu v. Peacher*, 53 S.W.3d 5, 7 (Tex. App. --San Antonio 2001, pet. denied).

Viewing all of the evidence, except for her unexplained, inconsistent testimony, in the light most favorable to Plaintiff, the Court determines that the concrete patch was open and obvious, as a matter of law and, therefore, Kroger owed Plaintiff no duty with respect to it. Plaintiff and her husband both admitted that the patch was not concealed or camouflaged, but was "easy to see." Def. MSJ App. at 42, 46, 57. Plaintiff argues that she and her husband only admitted that the patch was open and obvious *after* she fell. However, there is no allegation, much less evidence, that the patch was not in a static condition, or that it somehow changed after Plaintiff's fall.

All of the photographic evidence in the record supports the determination that the patch constitutes an open and obvious condition. The pictures plainly show a raised patch of concrete located in the middle of a lined parking space that is not hidden or obscured by any object. The

Court sustains Kroger's objection to Plaintiff's affidavit testimony that the photograph was taken in the same lighting conditions that existed when she fell.  The affidavit presents a sham issue because it merely contradicts Plaintiff's earlier testimony, without providing an explanation for why Plaintiff changed her mind about the time of day the pictures were taken.  Kroger is thus entitled to summary judgment because the concrete patch in the parking lot was open-and-obvious, as a matter of law, and, thus, Kroger owed Plaintiff no duties with respect to the patch.

Because the Court determines that the concrete patch was open and obvious, it does not reach the question of whether the patch was unreasonably dangerous.

## CONCLUSION

Kroger's second amended motion for summary judgment [Docket Entry #38] is GRANTED, and this case is dismissed with prejudice.

SO ORDERED.

Dated:  March 4, 2016.

_BARBARA M. G. LYNN_
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

6